```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

MELANI NEISZ,                    )
                                 )
          Plaintiff,             )    Case No. 06-1074-HO
                                 )
     v.                          )    ORDER
                                 )
Commissioner of Social Security, )
                                 )
          Defendant.             )
_____)
```

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff asserts disability beginning August of 2000, due to a long list of impairments. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) determining plaintiff's residual functional capacity in that he ignored restrictions identified by examining psychologist Terrell Templeman and other physicians and also failed to account for restrictions he himself identified; (2) rejecting plaintiff's testimony; (3) rejecting lay witness testimony; and (4) failing to consider the impact of obesity.

A. Residual Functional Capacity

Plaintiff contends that the ALJ ignored restrictions offered by the examining psychologist. Dr. Templeman opined that plaintiff is moderately limited in responding appropriately to work pressures and changes in routine work settings. Tr. 345. The ALJ did not incorporate these limits specifically. However, Dr. Templeman indicated such limits in a form in which moderate is defined as still able to function satisfactorily. Tr. 344. Therefore, Dr. Templeman's opinion establishes that plaintiff performs satisfactorily in these areas and that her work would not be restricted.

Plaintiff also contends that the ALJ's restrictions to simple 1 to 3 step task work does not account for the ALJ's finding that plaintiff is moderately limited in her ability to maintain concentration, persistence and pace. While the limitation to simple 1 to 3 step work may have been the ALJ's attempt to capture

2 - ORDER

plaintiff's limits in concentration, persistence and pace, limitation to simple work does not necessarily incorporate the limits as even simple work with 1 to 3 steps may require strong concentration and a fast pace. See Newton v. Chater, 92 F.3d 688, 695 (8th Cir. 1996) (despite limitation to simple jobs, hypothetical that did not include limitations in concentration, persistence and pace was insufficient). Accordingly, a remand is necessary so that the vocational expert can opine as to what impact such limits have on plaintiff's ability to work.[1] Upon remand, cognitive deficits regarding attention and concentration echoed by other physicians and plaintiff's treating physician may also be addressed.

B.   Plaintiff's Credibility

Plaintiff testified regarding memory, focus, concentration and other cognitive limitations. The ALJ noted that plaintiff, however, performed within normal limits on cognitive tests. See Tr. 231-32. Nonetheless, plaintiff's own assessment of her abilities can be reevaluated upon remand which is necessitated by the ALJ's own findings regarding moderate limitations in concentration, persistence and pace.

---

[1] It does not appear that the vocational expert did consider the concentration, persistence, and pace problems found by the ALJ. The vocational expert did testify that short term memory problems and a need to ask questions over and over would impair employment. Tr. 513.

3 - ORDER

C.   Lay Testimony

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Lay testimony regarding how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  To discount the testimony of lay witnesses, the ALJ must give reasons that are germane to each witness. Dodrill, 12 F.3d at 919.

Plaintiff's mother and friends testified regarding memory and concentration problems such as difficulty making change.  As noted above, objective testing did indicate normal functioning.  However, for the reasons noted above, a remand is necessary so that the ALJ may incorporate moderate difficulties related to concentration, persistence, and pace into plaintiff's limitations.  Upon remand, the lay testimony may be revisited.

D.   Obesity

Plaintiff contends that the ALJ did not address her obesity and its impact on her ability to work.  However, plaintiff has not identified any functional limitations resulting from her obesity.

4 - ORDER

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this    5th    day of    August   , 2008.

                                                s/ Michael R. Hogan
                                               UNITED STATES DISTRICT JUDGE

5 - ORDER